**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

|  |  |
|---|---|
| RABITAH MOSES, | ) ) ) |
| Plaintiff, *pro se*, | ) ) |
| v. | ) ) |
| MONTGOMERY COUNTY GOVERNMENT, *et al*., | ) ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 25-cv-02648-LKG

Dated: June 4, 2026

**MEMORANDUM OPINION**

## I.    INTRODUCTION

In this civil action, the Plaintiff *pro se*, Rabitah Moses, brings various civil rights and discrimination claims against the Defendants, the Montgomery County Government, the Montgomery County Council, the Montgomery County Police Department, the Montgomery County Department of Corrections, the Montgomery County Pretrial Services, County Executive Marc Elich, Debbie Spielberg, Christine Hong, Rozina Adhanon, Earl Stoddard, Jeff Goldman, Lisa Lowe, Rebecca Sosa, Eric Rasch and James Stowe (collectively, the "Montgomery County Defendants"), Housing Unlimited, Inc. ("Housing Unlimited"), the Honorable Michael O. Glynn, Associate Judge of the District Court of Maryland for Montgomery County, the Honorable Louis M. Leibowitz, Associate Judge of the Circuit Court for Montgomery County, Maryland, the Honorable Amy Bills, Associate Judge of the District Court of Maryland for Montgomery County, the Honorable John C. Moffett, Associate Judge of the District Court of Maryland for Montgomery County (collectively, the "Judge Defendants"), the Montgomery County Sheriff's Department, the Montgomery County State's Attorney's Office, Montgomery County State's Attorneys John McCarthy and Judith Crews (along with the Judge Defendants, collectively, the "State Defendants"), Interfaith Works, Inc., Elizabeth Krueger, N'Jeri Henry and Courtney Hall (collectively, the "Interfaith Works Defendants"), Lisa Martin, the Montgomery County Commissioner's Office and Supriya Pandit, arising from, among other things, the issuance of certain Peace Orders against her and her arrest and incarceration on or about July 22,

2025.  ECF No. 1.  The Montgomery County Defendants, State Defendants, the Interfaith Works Defendants, Defendant Lisa Martin and Defendant Housing Unlimited have moved to dismiss the claims brought against them in the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). ECF Nos. 64, 76, 77, 78 and 83.  These motions are fully briefed.  ECF Nos. 64, 64-1, 70, 76, 77, 77-2, 78, 78-1, 83, 83-1, 90, 95, 98, 100, 108 and 114.  No hearing is necessary to resolve the motions.  L.R. 105.6 (D. Md. 2025).  For the reasons that follow, the Court: (1) **GRANTS** the Montgomery County Defendants' motion to dismiss (ECF No. 76); (2) **GRANTS** the State Defendants' motion to dismiss (ECF No. 77); (3) **GRANTS** the Interfaith Works Defendants' motion to dismiss (ECF No. 78); (4) **GRANTS** Defendant Lisa Martin's motion to dismiss (ECF No. 83); (5) **GRANTS** Defendant Housing Unlimited, Inc.'s motion to dismiss (ECF No. 64); (6) **DENIES-as-MOOT** the Plaintiff's emergency motion to preserve evidence and rule on pending temporary restraining orders (ECF No. 88); (7) **DENIES-as-MOOT** the Plaintiff's motion for a temporary restraining order (ECF No. 93); (8) **DENIES-as-MOOT** the Plaintiff's motion to correct (ECF No. 111); (9) **DENIES-as-MOOT** the Plaintiff's motion for a temporary restraining order (ECF No. 116); (10) **DENIES-as-MOOT** the Plaintiff's motion for extension of time (ECF No. 117); (11) **DENIES-as-MOOT** the Plaintiff's motion to appoint counsel (ECF No. 119); (12) **DENIES-as-MOOT** the Plaintiff's motion for leave to file a motion to clarify and for limited reconsideration (ECF No. 124); (13) **DENIES-as-MOOT** the Plaintiff's motion for leave to file supplemental medical documentation, for appointment of counsel and stay of deadlines (ECF No. 125); and (14) **DISMISSES** the complaint.[1]

## II.   FACTUAL AND PROCEDURAL BACKGROUND[2]

### A.  Factual Background

In this civil action, Ms. Moses brings various civil rights and discrimination claims against the Defendants, arising from, among other things, the issuance of certain Peace Orders against her and her arrest and incarceration on or about July 22, 2025.  ECF No. 1.  Ms. Moses is

---

[1] The Plaintiff has filed numerous motions since the inception of this litigation, which the Court now resolves and denies as moot.

[2] The facts recited in this memorandum opinion are taken from the complaint, the Defendants' motions to dismiss and memoranda in support thereof and Ms. Moses's responses in opposition to the Defendants' motions to dismiss.  ECF Nos. 1, 64, 64-1, 70, 76, 77, 77-2, 78, 78-1, 83, 83-1, 90, 95, 98, 100, 108 and 114.

proceeding in this litigation without the assistance of counsel and she names more than 30 Defendants in the case. And so, the complaint is somewhat difficult to discern.

But, it appears that Ms. Moses asserts the following claims in the complaint: (1) 42 U.S.C. § 1983; (2) 42 U.S.C. § 1985; (3) the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; (4) the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*; (5) the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601 *et seq.*; (6) the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 C.F.R. § 164 *et seq.*; (7) the Violence Against Women Act ("VAWA"), 34 U.S.C. § 12361; (8) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*; and (9) the First, Eighth and Fourteenth Amendments to the Constitution. *See* ECF No. 1 at 23-25 and 31-33. As relief, Ms. Moses seeks, among other things, certain declaratory and injunctive relief and to recover monetary damages from the Defendants. *Id.* at 34.

The Parties

Plaintiff Rabitah Moses is a resident of Maryland. ECF Nos. 1 and 1-3.

Defendant Housing Unlimited, Inc. is a private, non-profit organization that works to provide affordable, independent housing to adults in Montgomery County related to mental health recovery. ECF No. 64-1 at 1.

Defendant Montgomery County Government is the government of Montgomery County, Maryland. *See* ECF No. 76 at 1.

Defendant Montgomery County Council is the legislative branch of the county government of Montgomery County. *See* Montgomery County, Maryland, Montomgery County Council, https://www.montgomerycountymd.gov/government/legislative-branch/county-council (last visited, May 28, 2026).

Defendant Montgomery County Police Department is the police department of Mongomery County, Maryland. *See* Montgomery County, Maryland, Montomgery County Police Department, https://www.montgomerycountymd.gov/montgomery-county-police-department (last visited, May 28, 2026).

Defendant Montgomery County Department of Corrections is a department of the government of Montgomery County, Maryland. *See* Montgomery County, Maryland, Montomgery County Department of Corrections,

https://www.montgomerycountymd.gov/montgomery-county-department-correction-rehabilitation (last visited, May 28, 2026).

Defendant Montgomery County Pretrial Services is an agency within the Montgomery County Department of Correction and Rehabilitation.  *See* Montgomery County, Maryland, Pre-Trial Services, https://www.montgomerycountymd.gov/government/departments-agencies/montgomery-county-department-correction-rehabilitation/department-correction-rehabilitation-divisions/community-corrections/pre-trial-services (last visited, May 28, 2026).

Defendant Montgomery County Commissioner's Office is an agency within the Montgomery County Department of Correction and Rehabilitation.  *See* Montgomery County, Maryland, Commissioner Office, https://www.montgomerycountymd.gov/montgomery-county-department-correction-rehabilitation/commissioner-office (last visited, June 3, 2026).

Defendant Marc Elrich is the Montgomery County Executive and a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Debbie Spielberg is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Christine Hong is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Rozina Adhano is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Earl Stoddard is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Jeff Goldman is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Lisa Lowe is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Rebecca Sosa is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant Eric Rasch is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant James Stowe is a resident of Maryland.  *See generally* ECF Nos. 1 and 76.

Defendant, the Honorable Michael O. Glynn is an Associate Judge of the District Court of Maryland for Montgomery County, Maryland and a resident of Maryland. ECF No. 77 at 1.

Defendant, the Honorable Louis M. Leibowitz is an Associate Judge of the Circuit Court for Montgomery County, Maryland and a resident of Maryland. *Id.*

Defendant, the Honorable Amy Bills is an Associate Judge of the District Court of Maryland for Montgomery County, Maryland and a resident of Maryland. *Id.*

Defendant, the Honorable John C. Moffett is an Associate Judge of the District Court of Maryland for Montgomery County, Maryland and a resident of Maryland. *Id.*

Defendant Montgomery County Sheriff's Department is a department within the government of Montgomery County, Maryland. *See* Montgomery County, Maryland, Sheriff's Office, https://www.montgomerycountymd.gov/sheriffs-office (last visited, May 28, 2026).

Defendant the Montgomery County State's Attorney's Office is an organization within the government of Montgomery County, Maryland. *See* Montgomery County, Maryland, State's Attorney's Office, https://www.montgomerycountymd.gov/states-attorneys-office (last visited, May 28, 2026).

Defendant John McCarthy is the State's Attorney for Montgomery County, Maryland and a resident of Maryland. *See id.*; ECF No. 77 at 1.

Defendant Judith Crews is the Assistant State's Attorney for Montgomery County, Maryland and a resident of Maryland. ECF No. 77 at 1-2.

Defendant Interfaith Works, Inc. is a women's shelter located in Rockville Maryland. ECF No. 22; Interfaith Works, About, https://www.iworksmc.org/about-us (last visited May 28, 2026).

Defendant Elizabeth Krueger is a resident of Maryland. *See generally* ECF Nos. 1 and 78.

Defendant N'Jeri Henry is a resident of Maryland. *See generally* ECF Nos. 1 and 78.

Defendant Courtney Hall is a resident of Maryland. *See generally* ECF Nos. 1 and 78.

Defendant Supriya Pandit is a resident of Maryland. *See generally* ECF Nos. 1 and 78.

5

Defendant Lisa Martin is a resident of Maryland.  ECF No. 83-1 at 2.

In the complaint, Ms. Moses generally alleges that the Defendants have harassed and retaliated against her for engaging in constitutionally protected speech and advocacy "to expose misconduct in shelters and government contracts in Montgomery County, Maryland."  ECF No. 1 at 1-2.  And so, Ms. Moses alleges that the Defendants have violated, among other laws, the ADA, VAWA and the First, Eighth and Fourteenth Amendments.  *See generally id.*

First, Ms. Moses alleges that Defendant Lisa Martin repeatedly blocked her from attending public events, including an event held on December 10, 2024, at the Silver Spring Civic Center, due to Ms. Moses's economic status and disability.  ECF No. 1 at 8.  In this regard, Ms. Moses alleges, among other things, that, Lisa Martin publicly humiliated her, by referring to Ms. Moses as "mentally ill" and demanding that she pay $90 to attend the event. *Id.* at 8-9.

Ms. Moses also alleges that Defendant Eric Rasch has "condoned" her exclusion from such events "for years and took no corrective action."  *Id.*  And so, Ms. Moses contends that the aforementioned conduct violated her rights under the First and Fourteenth Amendments and Title II of the ADA.  *Id.*

Second, Ms. Moses alleges that, on January 9, 2025, Defendant Judge Moffett conducted a hearing on a Peace Order petition filed against her by Defendant Supriya Pandit against her. ECF No. 1 at 11.  In this regard, Ms. Moses challenges the judicial proceedings related to the Peace Order and she alleges, among other things, that she was improperly denied the opportunity to conduct cross examination and to submit documents and or testimony during the proceedings.  *Id.*  Ms. Moses also alleges that the bailiffs harassed her and physically intimidated her during the hearing and that Defendant Judge Moffett did not stop the alleged conduct by the bailiffs.  *Id.*

Third, Ms. Moses alleges that she served Defendant Interfaith Works with "COLOR OF LAW VIOLATION" notices, but that Defendants Supriya Pandit, Elizabeth Krueger and N'Jeri Henry continued to pursue her in court, based on "retaliatory and false criminal statements in collusion with the Montgomery County State Prosecutors Office."  *Id.* at 11-12. And so, Ms. Moses contends that the alleged conduct of these Defendants violated the First and Fourteenth Amendments and Title II of the ADA.  *Id.*

6

Fourth, Ms. Moses alleges that, on March 18, 2025, she attempted to speak about "systemic shelter abuse and insufficient ADA accommodation," during a public Interagency Commission on Homelessness ("ICH") meeting. *Id.* at 12. But, she was "repeatedly muted, cut off by [Defendant] Jeff Goldman," and ultimately "removed by [Defendants] Rosina Adhanom, Jeff Goldman, and Lisa Lowe." *Id.*

Fifth, Ms. Moses alleges that Defendant Christine Hong presided over the same March 18, 2025, ICH meeting and that Ms. Hong failed to disclose her prior affiliation with Interfaith Works, or recuse herself from the ICH meeting, thereby "covering up the interagency crisis instead of addressing it." *Id.* at 13. Ms. Moses also alleges that Defendant Courtney Hall, the chief executive officer of Interfaith Works, "confirmed this with her proving further cover up of wrong doings." *Id.* And so, Ms. Moses contends that this conduct violated the First Amendment and Title II of the ADA. *Id.*

Sixth, Ms. Moses alleges that, on March 19, 2025, she led a protest in downtown Silver Spring, Maryland, and that she was "wrongfully arrested" by the Montgomery County Police Department, based on "false statements" provided by Defendants Supriya Pandit, Elizabeth Kruger and N'Jeri Henry. *Id.* Ms. Moses further alleges that her arrest caused her to be "publicly humiliated," that her "disability was exacerbated," that she was "targeted" and that her "rights were violated." *Id.*

In this regard, Ms. Moses alleges that she had a bond hearing before Defendant Judge Eric Nee on March 20, 2025, and that Judge Nee and the Maryland State's Attorney's Office "imposed a $10,000 unsecured bond requiring ankle monitoring and restricted [her] travel, mobility, and advocacy." *Id.* at 15. And so, Ms. Moses contends that this alleged conduct also violated the First, Fourth, Eighth and Fourteenth Amendments and Title II of the ADA. *Id.*

Seventh, Ms. Moses alleges that, on June 10, 2025, she formally requested housing assistance under her "protected classifications," but Defendant Christin Hong, "in her capacity at DHHS and in partnership with [Housing Unlimited] and Interfaith Works, denied housing placement and improperly referred [her] to EveryMind without professional assessment, housing options, or recourse." *Id.* at 16. And so, Ms. Moses contends that this alleged conduct violates Title II of the ADA, the Rehabilitation Act, the FHA, VAWA and the Safe at Home Program. *Id.*

7

Eighth, Ms. Moses alleges that, on July 14, 2025, Defendants John McCarthy and Judith Crews filed new charges against her based on her March 19, 2025, arrest "with no new evidence." *Id.* And so, Ms. Moses contends that Defendants John McCarthy and Judith Crews' conduct was retaliatory and an attempt to "further silence her." *Id.*

Ninth, Ms. Moses alleges that, on July 21, 2025, two individuals who are not defendants in this case, Tiffany Kelly and Alex Vasquez, filed retaliatory petitions for Peace Orders against her and that Tiffany Kelly referenced Ms. Moses's "private housing eviction status, which Plaintiff had never disclosed to her," in a "separate complaint filed the same day." *Id.* at 17-19. And so, Ms. Moses contends that the fact that this information was disclosed to Tiffany Kelly "strongly suggests" that Defendant Housing Unlimited provided protected personal and medical information without [her] consent," in violation of HIPAA and VAWA. *Id.*

Tenth, Ms. Moses alleges that, she was placed in 24-hour isolation, forced to lie on a cold floor, denied access to phone calls, denied access to prescribed medication, medical equipment, and reasonable disability accommodations, "repeatedly served meals containing beef and pork, despite clearly documented religious and medical dietary restrictions" and had her "diabetes concerns repeatedly ignored," while she was incarcerated at the Montgomery County Department of Corrections on or about July 22–24, 2025. *Id.* at 20. Ms. Moses alleges that these conditions "aggravated [her] pre-existing physical and mental health conditions" and she contends that this alleged conduct amounted to "cruel and unusual punishment in violation of the Eighth Amendment" and also violated the ADA and RLUIPA. *Id.* at 20-21.

Eleventh, Ms. Moses alleges that, on July 23, 2025, Defendant Housing Unlimited, "in coordination with" Defendants Montomgery County Sheriff's Office and Judge Bills, "executed an eviction that resulted in the loss of nearly all of [her] personal property." *Id.* at 21. Ms. Moses contends that the alleged collusion between Defendant Housing Unlimited, judicial officers and law enforcement officials to execute the eviction while she was incarcerated constitutes a denial of due process under the color of law, in violation of 42 U.S.C. § 1983. *Id.*

Twelfth, Ms. Moses alleges that, on July 28, 2025, Defendant Judge Glynn ordered her to remove a social media post that exposed trafficking and prostitution by two individuals and threatened to incarcerate her if she did not comply. *Id.* at 24. Ms. Moses also alleges that Judge Glynn denied her request for a two-week continuance to comply with the court's order. *Id.* at 24-25.

Thirteenth, Ms. Moses alleges that, on July 31, 2025, she was threatened with a re-arrest during a meeting with the Montgomery County Pretrial Services. *Id.* at 27. In this regard, Ms. Moses alleges that, on August 7, 2025, she discovered that Pretrial Services had filed a motion to revoke her bond. *Id.* at 29. Ms. Moses contends that the motion to revoke bond was retaliatory and that the alleged retaliatory conduct violated the First Amendment and Title II of the ADA. *Id.* at 29.

Lastly, Moses alleges that she repeatedly sent emails to Defendants Marc Elrich and James Stowe requesting intervention on her alleged civil rights violations, but her emails were ignored, which demonstrates "collusion, conspiracy and cover up." *Id.* Ms. Moses similarly alleges that Defendant James Stowe was a part of the conspiracy, because he personally spoke with her in early 2025, but conducted no investigation and provided no response. *Id.* at 29-30.

Given this, Ms. Moses alleges that the Defendants have "acted in concert to retaliate, deprive [her] of housing, violate[d] her disability rights, suppress[ed] her speech and "shield[ed] themselves from criticism and accountability," in violation of, among other things, 42 U.S.C. §§ 1983 and 1985, the ADA, the Rehabilitation Act, VAWA and the Constitution. *Id.* At 30. And so, Ms. Moses seeks, among other things, certain declaratory and injunctive relief and to recover monetary damages from the Defendants. *Id.* at 34.

**B.  Relevant Procedural Background**

Ms. Moses commenced this civil action on August 8, 2025. ECF No. 1. On October 27, 2025, Defendant Housing Unlimited filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 64 and 64-1. On October 29, 2025, Ms. Moses filed a response in opposition to Housing Unlimited's motion to dismiss. ECF No. 70. On November 13, 2025, Housing Unlimited filed a reply brief. ECF No. 90.

On November 10, 2025, the Mongomery County Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF No. 76. On December 16, 2025, Ms. Moses filed a response in opposition to the motion to dismiss. ECF No. 95. On January 13, 2026, the Mongomery County Defendants filed a reply brief. ECF No. 108.

On November 10, 2025, the State Defendants filed a motion to dismiss. ECF No. 77.

On November 11, 2025, the Interfaith Works Defendants filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 78 and

9

78-1. On December 22, 2025, Ms. Moses filed a response in opposition to the Defendants' motion to dismiss. ECF No. 98.

On November 12, 2025, Defendant Lisa Martin filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and a memorandum in support thereof. ECF Nos. 83 and 83-1. On December 29, 2025, Ms. Moses filed a response in opposition to Defendant Lisa Martin's motion to dismiss. ECF No. 100. On January 22, 2026, Defendant Lisa Martin filed a reply brief. ECF No. 114.

The Defendants' respective motions having been fully briefed, the Court resolves the pending motions.

## III. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

10

**B. Fed. R. Civ. P. 8(a) And 12(b)(6)**

Under Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of a plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).

**C. *Pro Se* Litigants**

Ms. Moses is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (quotations and citations omitted)). And so, if a plaintiff

11

fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

## IV.     ANALYSIS

The various Defendants in this civil action have moved to dismiss the claims brought against them in the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6), upon several grounds.  First, the Mongomery County Defendants have moved to dismiss the claims brought against them in the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), upon the grounds that: (1) some of the Montgomery County Defendants are not legal entities capable of being sued; (2) the complaint fails to state a claim against any of the individual Montgomery County Defendants; and (3) the complaint fails to state a claim against all of the Montgomery County Defendants under Section 1983, Section 1985, the ADA, the Rehabilitation Act, the FHA, HIPAA and the VAWA.  ECF No. 76 at 7-26.  Second, the State Defendants seek to dismiss the claims brought against them in the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and (12)(b)(6), upon the grounds that: (1) the Judge Defendants, Defendant John McCarthy and Defendant Judith Crews are immune from suit under the Eleventh Amendment; (2) the Judge Defendants, Defendant John McCarthy and Defendant Judith Crews have judicial and prosecutorial immunity; and (3) Defendants the Montgomery County Sheriff's Department and the Montgomery County State's Attorney's Office are not legal entities capable of being sued.  ECF No. 77 at 1; ECF No. 77-2 at 13-14.

Third, the Interfaith Works Defendants have also moved to dismiss the claims brought against them in the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that the complaint fails to state plausible claims under Section 1983, Section 1985, the First Amendment, the Eighth Amendment, the Fourteenth Amendment, HIPAA, the VAWA, the ADA, the RLUIPA and the FHA.  ECF No. 78-1 at 4-10.

Fourth, Defendant Lisa Martin has moved to dismiss the claims brought against her in the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) the complaint does not satisfy the pleading standards under Fed R. Civ. P. 8(a) and 12(b)(6) and (2) the complaint fails to state plausible claims against her under Section 1983, the ADA, or any other law.  ECF No. 83-1 at 4-7.  And so, the Defendants request that the Court grant their respective motions to dismiss and dismiss the complaint.  ECF Nos. 64-1 at 16, 76 at 26, 77-2 at 26, 78-1 at 10 and 83-1 at 7.

Lastly, Defendant Housing Unlimited moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), upon the grounds that: (1) the complaint fails to state a claim against Housing Unlimited, because Ms. Moses entered into a consent judgment, whereby she agreed to an eviction from Housing Unlimited's property; (2) the complaint fails to state a claim against Housing Unlimited related to Tiffany Kelly's alleged knowledge of the eviction action; and (3) none of the allegations in the complaint state a claim against Housing Unlimited. ECF No. 64-1 at 6-15.

Ms. Moses does not directly respond to most of the arguments set forth in the Defendants' respective motions to dismiss. But, she generally counters that the Court should not dismiss this matter, because: (1) the complaint states plausible claims against the Defendants under Section 1983, Section 1985, the ADA, the Rehabilitation Act, the FHA, HIPAA, VAWA, RLUIPA, and the First, Eighth and Fourteenth Amendments. *See generally* ECF Nos. 70, 95, 98 and 100. And so, Ms. Moses requests that the Court deny the Defendants' respective motions to dismiss. ECF Nos. 70 at 27-28, 95 at 77, 98 at 31 and 100 at 65.

For the reasons that follow, a careful reading of the complaint makes clear that the claims against the Judge Defendants, Defendant John McCarthy and Defendant Judith Crews are barred under the Eleventh Amendment. The complaint also makes clear that Defendants the Montgomery County Police Department, the Montgomery County Department of Corrections, the Montgomery County Council, the Montgomery County Pretrial Services, the Montgomery County Sheriff's Office and the Montgomery County State's Attorney's Office are not the proper legal entities to be sued in this case.

In addition, a careful reading of the complaint shows that the Plaintiff fails to state plausible claims under Section 1983, Section 1985, the ADA, the Rehabilitation Act, the FHA, HIPAA, VAWA, RLUIPA and the First, Eighth and Fourteenth Amendments against the remaining Defendants (Debbie Spielberg, Rebecca Sosa, Earl Stoddard, Marc Elrich, James Stowe, Rosina Adhanom, Jeff Goldman, Lisa Lowe, Christine Hong, Eric Rasch, Montgomery County Government, Interfaith Works, Inc., Elizabeth Krueger, N'Jeri Henry, Courtney Hall, Housing Unlimited and Lisa Martin). And so, the Court: (1) **GRANTS** the Montgomery County Defendants' motion to dismiss (ECF No. 76); (2) **GRANTS** the State Defendants' motion to dismiss (ECF No. 77); (3) **GRANTS** the Interfaith Works Defendants' motion to dismiss (ECF

13

No. 78); (4) **GRANTS** Defendant Lisa Martin's motion to dismiss (ECF No. 83); (5) **GRANTS** Defendant Housing Unlimited, Inc.'s motion to dismiss (ECF No. 64); (6) **DENIES-as-MOOT** the Plaintiff's emergency motion to preserve evidence and rule on pending temporary restraining orders (ECF No. 88); (7) **DENIES-as-MOOT** the Plaintiff's motion for a temporary restraining order (ECF No. 93); (8) **DENIES-as-MOOT** the Plaintiff's motion to correct (ECF No. 111); (9) **DENIES-as-MOOT** the Plaintiff's motion for a temporary restraining order (ECF No. 116); (10) **DENIES-as-MOOT** the Plaintiff's motion for extension of time (ECF No. 117); (11) **DENIES-as-MOOT** the Plaintiff's motion to appoint counsel (ECF No. 119); (12) **DENIES-as-MOOT** the Plaintiff's motion for leave to file a motion to clarify and for limited reconsideration (ECF No. 124); (13) **DENIES-as-MOOT** the Plaintiff's motion for leave to file supplemental medical documentation, for appointment of counsel and stay of deadlines (ECF No. 125); and (14) **DISMISSES** the complaint.

### A. The Court Dismisses The Claims Against The Montgomery County Defendants

As an initial matter, the Court must DISMISS Ms. Moses's claims against the Montgomery County Defendants, because these claims are either precluded or not plausible.

The Montgomery County Defendants first persuasively argue that the Court should dismiss all claims brought against Defendants the Montgomery County Police Department, the Montgomery County Department of Corrections, the Montgomery County Council and the Montgomery County Pretrial Services, because these Defendants are not separate legal entities that may be sued by the Plaintiff. *See Hodge v. St. Mary's Cnty. Sheriff's Off.*, 2009 WL 8708855, at *7 (D. Md. June 22, 2009), *aff'd sub nom. Hodge v. St. Mary's Cnty. Sheriff's Dep't*, 407 F. App'x 652 (4th Cir. 2011) (citing *Friendship Heights v. Funger*, 289 A.2d 329 (Md.1972)) ("Under Maryland law, an incorporated governmental body or agency which is not given the power to sue or be sued is not subject to suit in its own right."). And so, the Court GRANTS the Montgomery County Defendants' motion to dismiss these Defendants from this civil action and DISMISSES all claims brought against Defendants the Montgomery County Police Department, the Montgomery County Department of Corrections, the Montgomery County Council and the Montgomery County Pretrial Services. *See Rhodes v. Montgomery Cnty. Dep't of Corrs. & Rehab.*, No. 12-03172, 2013 WL 791208, at *6 (D. Md. Mar. 1, 2013) (citations omitted) (the Montgomery County Department of Corrections and Rehabilitation and the Montgomery County Police Department are not a legal entities capable of being sued);

14

*LaPier v. Prince George's Cnty.*, Md., No. 10-2851, 2011 WL 4501372, at *3 (D. Md. Sept. 27, 2011) ("Under Maryland law, it is well-established that county police departments are agents of the county and not treated as separate legal entities.") (citing *Clea v Mayor and City Council of Balt.*, 541 A.2d 1303 (Md. 1998))); *Salisbury v. Anne Arundel Cnty. Det. Facility*, No. 17-3105, 2018 WL 4007650, at *3 (D. Md. Aug. 21, 2018) (the Montgomery County Council is also not a legal entity subject to suit); *County Council for Montgomery Cnty. v. Supervisor of Assessments of Montgomery Cnty.*, 274 Md. 116, 123 (1975) ("County Council" is not a separate legal entity that can sue or be sued).

The Montgomery County Defendants also persuasively argue that the complaint fails to state plausible claims against the Individual Montgomery County Defendants, namely, Defendants Debbie Spielberg, Rebecca Sosa, Earl Stoddard, Marc Elrich, James Stowe, Rosina Adhanom, Jeff Goldman, Lisa Lowe, Christine Hong and Eric Rasch, for several reasons. First, a careful reading of the complaint shows that there are no factual allegations about Defendants Debbie Spielberg, Rebecca Sosa and Earl Stoddard to support Ms. Moses's claims. *See generally* ECF No. 1. Second, a careful reading of the complaint also makes clear that there is no short and plain statement to explain the claims brought against Defendant Marc Elrich in this pleading, as required under Fed. R. Civ. P. 8(a). In this regard, the complaint generally alleges that Ms. Moses "repeatedly notified emails to County Council, including Marc Elrich . . . requesting intervention on civil rights violations," and that "[a]ll were ignored or dismissed demonstrating collusion, conspiracy and cover up." ECF No. 1 at 29. But there are no factual allegations in the complaint to explain the legal and factual basis for the claims brought against Defendant Marc Elrich. *Id*. And so, the Court also GRANTS the Montgomery County Defendants' motion to dismiss with respect to Defendants Debbie Spielberg, Rebecca Sosa, Earl Stoddard and Marc Elrich and DISMISSES the claims against these Defendants. Fed. R. Civ. P. 8(a) and 12(b)(6).

As with Defendant Marc Elrich, the only factual allegation against Defendant James Stowe is that he failed to answer certain unspecified emails from Ms. Moses requesting intervention on civil rights violations, and that this conduct "demonstrat[es] collusion, conspiracy and cover up." ECF No. 1 at 29-30. The complaint does allege that Mr. Stowe "received documentation and personally spoke with [Ms. Moses] in early 2025 yet conducted no investigation or response and remained silent." *Id*. But, without more factual allegations to

15

show how Mr. Stowe colluded and conspired with others to violate Ms. Moses's civil rights, the claims against Mr. Stowe also fail to satisfy the pleading standards under Fed. R. Civ. P. 8(a). And so, the Court also GRANTS the Montgomery County Defendants' motion to dismiss with respect to Defendant James Stowe and DISMISSES all claims against this Defendant.

The complaint is similarly devoid of sufficient factual allegations to state plausible claims against Defendants Rosina Adhanom, Jeff Goldman, Lisa Lowe and Christine Hong.  With regards to Defendants Rosina Adhanom, Jeff Goldman and Lisa Lowe, the complaint simply alleges that these Defendants removed the Plaintiff from the March 18, 2025, ICH meeting and that Mr. Goldman cut the Plaintiff off while she was speaking.  ECF No. 1 at 12.  Such bare factual allegations, without more, fail to state a plausible claim for relief under the First Amendment, Title II of the ADA, Section 1983 and Section 1985.  The allegations in the complaint are equally sparse with regards to Defendant Christine Hong.  The complaint alleges that Ms. Hong presided over the March 18, 2025, ICH meeting and that she "never disclosed her conflict of interest or recused herself, thus covering up the interagency crisis instead of addressing it."  ECF No. 1 at 13.  The complaint also alleges that Ms. Hong denied Ms. Moses's request for housing assistance and referred her to "EveryMind without professional assessment, housing options, or recourse."  ECF No. 1 at 16.  But, again, these factual allegations, taken as true, are not sufficient to state plausible claims for violations of Title II of the ADA, the Rehabilitation Act, the FHA, Section 1983 and VAWA.  And so, the Court also GRANTS the Montgomery County Defendants' motion to dismiss with respect to Defendants Rosina Adhanom, Jeff Goldman, Lisa Lowe and Christine Hong and DISMISSES the claims against these Defendants.  Fed. R. Civ. P. 8(a) and 12(b)(6).

Lastly, the complaint also fails to state a plausible claim against Defendant Eric Rasch. In fact, the complaint mentions Mr. Rasch only once, in connection with the event held at the Silver Spring Civic Center on or around December 10, 2024.  ECF No. 1 at 9.  In this regard, the complaint alleges that Mr. Rasch was the facility manager and that he condoned Ms. Moses's "exclusion" from meetings at this location for years and "took no corrective action."  *Id.*  But, again, such bare factual allegations are not sufficient to state a claim under any of the laws cited in the complaint.  And so, the Court also GRANTS the Montgomery County Defendants' motion to dismiss with respect to this Defendant Eric Rasch and DISMISSES the claims against this Defendant.  Fed. R. Civ. P. 8(a) and 12(b)(6).

16

With regards to the remaining Montgomery County Defendants, a careful reading of the complaint also makes clear that Ms. Moses fails to state plausible claims against these Montgomery County Defendants for several reasons. First, the complaint fails to state a claim under the First Amendment, because there are no factual allegations in the complaint to show that Ms. Moses engaged in any First Amendment-protected speech, or that the Montgomery County Defendants prevented or restricted such protected speech. *See Saltz v. City of Frederick, Maryland*, 538 F. Supp. 3d 510, 539 (D. Md. 2021) ("[T]he 'government may not discriminate against speech based on the ideas or opinions it conveys.'" (quoting *Iancu v. Brunetti*, 139 S. Ct. 2294, 2299 (2019))). Indeed, while the complaint generally alleges that Ms. Moses was excluded from the December 10, 2024, event held at Silver Spring Civic Center, and that she was cut off and muted by the Montgomery County Defendants during the March 18, 2025, ICH meeting, the complaint does not allege facts to show that Ms. Moses's speech was restricted based on its content or viewpoint, or that she attended the meetings at issue to express herself as a member of a group, or to engage in expressive activity. *See* ECF No. 1 at 8-9 and 12-13.

The complaint also fails to state an Eighth Amendment cruel and unusual punishment claim. The complaint alleges that, during her incarceration, Ms. Moses was placed in 24-hour isolation, denied access to phone calls, forced to lie on a cold floor, denied access to prescribed medication, medical equipment and reasonable disability accommodations, served meals containing beef and pork despite her documented religious and medical dietary restrictions, and that her diabetes concerns were ignored. ECF No. 1 at 20, 24 and 32. The complaint also alleges that the Montgomery County State's Attorney imposed a $10,000 unsecured bond, requiring ankle monitoring and restricting Ms. Moses's her travel, mobility and advocacy, in violation of the Eighth Amendment. *Id.* at 15. But these facts do not show that the Montgomery County Defendants subjectively acted with a "sufficiently culpable state of mind," with regards to the alleged conduct, such that the Defendants knew of, and disregarded, an excessive risk to Ms. Moses's health or safety while she was incarcerated. *See, e.g.*, *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016).

The Fourteenth Amendment Due Process Clause claim in the complaint is also not plausible, because the complaint lacks factual allegations to show that Ms. Moses had a constitutionally protected liberty, or property interest, in attending events held at the Silver Spring Civic Center. *See* ECF No. 1 at 9 (alleging that Defendant Eric Rasch "condoned"

17

Ms. Moses's exclusion from public events at the Silver Spring Civic Center and "took no corrective action."); *see also Rockville Cars, LLC v. City of Rockville, Maryland*, 891 F.3d 141, 146 (4th Cir. 2018) (To state a procedural due process claim a plaintiff must show: (1) that she possessed a protected liberty or property interest, (2) that the state or its agents deprived her of this interest, and (3) that this deprivation was effectuated without constitutionally sufficient process.).

The complaint similarly fails to state a plausible claim under 42 U.S.C. § 1985.  To state a claim under Section 1985, Ms. Moses must plead facts to show: (1) a conspiracy of two or more persons; (2) the intent to deprive the plaintiff of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) resulting injury or deprivation.  *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995).  The conspiracy must also be motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  *Griffin*, 403 U.S. at 102.  But, here, the complaint is devoid of factual allegations to show that the Montgomery County Defendants entered into an agreement, or shared a mutual understanding, to violate Ms. Moses's civil rights, or that the purported conspiracy was motivated by a class-based, invidiously discriminatory animus, as required under Section 1985(3).  *See generally* ECF No. 1.  Such conclusory allegations of conspiracy, which are unsupported by concrete facts, are simply insufficient to withstand dismissal.  *Simmons*, 47 F.3d at 1377.

The ADA and Rehabilitation Act claims in the complaint are equally problematic.  To state a claim under Title II of the ADA and Section 504 of the Rehabilitation Act, Ms. Moses must plead facts to show, among other things, that she was excluded from participation in, or denied the benefits of, a service, program, or activity, or otherwise discriminated against on the basis of her disability.  *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 498 (4th Cir. 2005).  But, the complaint does not allege that Ms. Moses was denied access to a specific public service or program because of her disability.  ECF No. 1 at 9 and 16 (alleging generally that: Defendant Eric Rasch "condoned" Ms. Moses's exclusion from Civic Center events; Defendant Christine Hong denied housing assistance "without professional assessment;" and Defendants Jeff Goldman, Rosina Adhanom and Lisa Lowe muted or removed Ms. Moses from an ICH meeting).

Lastly, the complaint makes clear that Ms. Moses's FHA, HIPAA, VAWA and RLUPIA

18

claims are also implausible.  The complaint lacks facts to show that Ms. Moses has a qualifying disability, or that the Montgomery County Defendants denied housing because of her disability, to support claims under the FHA.  ECF No. 1; *see also* 42 U.S.C. § 3604(a); 42 U.S.C. §§ 3602(h), 3604(f)(1)-(2) and 3617.  The complaint also fails to state claims under HIPAA and the VAWA, because these statutes do not provide for a private right of action.  *See Barrett v. Quest Diagnostics*, No. 23-3417, 2025 WL 388658, at *5 (D. Md. Feb. 3, 2025); *see also United States v. Morrison*, 529 U.S. 598, 601-02 (2000).  In addition, the complaint fails to state a plausible RLUIPA claim, based on an alleged denial of religious and medical accommodations while in custody, because Ms. Moses only alleges that she was "[r]epeatedly served meals containing beef and pork, despite clearly documented religious and medical dietary restrictions," without providing any facts to show the circumstances in which she was served these meals, or that the alleged diet "impose[d] a substantial burden on [her] religious exercise" while incarcerated.  ECF No. 1 at 20; *see also* 42 U.S.C. § 2000cc–1(a).  Ms. Moses also fails to allege facts to show that she exhausted her RLUIPA claim before bringing this civil action.  *Germain v. Shearin*, 653 Fed. App'x 231 (4th Cir. 2016) (holding inmate who brought claim under RLUIPA failed to exhaust his administrative remedies as required by the PLRA).

And so, for all of the reasons stated above, the Court also GRANTS the Montgomery County Defendants' motion to dismiss and DISMISSES the claim against the remaining Montomgery County Defendants.

**B. The Court Dismisses The Claims Against The State Defendants**

Turning to the State Defendants' motion to dismiss, the Court agrees that the claims brought against the Staes Defendants must be dismiss for two reasons.  First, the various claims brought against Judge Defendants and Defendants John McCarthy and Judith Crews in this civil action are barred by the Eleventh Amendment.  This Court has long held that the State of Maryland has not waived its immunity under the Eleventh Amendment for suits in federal court.  *See, e.g.*, *Dixon v. Balt. City Police Dep't*, 345 F. Supp. 2d 512, 513 (D. Md. 2003).  Here, Ms. Moses brings claims to recover monetary damages against the Judge Defendants and Defendants John McCarthy and Judith Crews in their official capacities, as either State Judges or the State's Attorney and Assistant State's Attorney for Montgomery County, Maryland.  *See* ECF Nos. 1 and 77-2 at 1-2.  These claims are plainly barred under the Eleventh Amendment.  *See Will*, 491 U.S. at 71; *Weigel v. Maryland*, 950 F. Supp. 2d 811, 831 (D. Md. 2013) (holding

19

that claims against Maryland judges sued in their official capacities are barred by the Eleventh Amendment).[3]  And so, the Court GRANTS the State Defendants' motion to dismiss with regards to these Defendants and DISMISES these claims.

Second, the State Defendants also correctly argue that Defendants the Montgomery County Sheriff's Office and the Montgomery County State's Attorney's Office are not entities capable of being sued in this case.  *See Coster v. Maryland*, No. 21-65, 2021 WL 5605027, at *11 (D. Md. Nov. 30, 2021) (explaining that Maryland courts have long recognized that a county's sheriff's office is not a legal entity capable of being sued); *Hamlett v. Baltimore City Cir. Ct.*, No. 13-1203, 2013 WL 2300951, at *1 (D. Md. May 22, 2013) (noting that Maryland courts have recognized that the "Office of the State's Attorney" is not a legal entity amenable to suit under § 1983).  And so, the Court also GRANTS the State Defendants' motion to dismiss with regards to these Defendants and DISMISSES these claims.  Fed. R. Civ. P. 12 (b)(1) and (6).

### C.  The Court Dismisses The Claims Against The Interfaith Works Defendants

The complaint also fails to state plausible claims against the Interfaith Works Defendants for several reasons.  First, the Interfaith Works Defendants persuasively argue that Ms. Moses fails to state a plausible claim against them under Section 1983, because they are either a private entities or individuals, rather than state actors.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that to state a claim under Section 1983, a plaintiff must allege that the alleged violation was committed by a "person acting under the color of state law").  Notably, there are no allegations in the complaint to show that the statements made by these Defendants to law enforcement regarding Ms. Moses were made while the Defendants were acting in the capacity of the State of Maryland, or at the State's benefit or behest.  ECF No. 1 at 10; *see also Moore*, 560 F.3d at 179 ("The state is deemed responsible for the private entity's action 'if the private party acts (1) in an

---

[3] The Court also observes that Ms. Moses's claims challenge discrete past actions that do not implicate the *Ex Parte Young* exception to Eleventh Amendment.  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex Parte Young*, 209 U.S. 123, 200 (1908)) (holding that the *Ex Parte Young* exception permits suits for prospective injunctive relief against state officials acting in violation of federal law, to ensure the enforcement of federal law).  These claims are also barred under the doctrines of judicial and prosecutorial immunity. *Imbler v. Pachtman*, 429 U.S. 409, 422-23 (1976) (holding that prosecutors are absolutely immune from civil liability for claims arising from their role in the judicial process); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) (explaining that, at common law, judges are immune from liability for damages for acts committed within their judicial jurisdiction.).

exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest.'" (citation omitted)).

The complaint also fails to state a claim against the Interfaith Defendants under Section 1985. As discussed above, the complaint is devoid of factual allegations to show that any of the Defendants entered into an agreement, or shared a mutual understanding, to violate Ms. Moses's civil rights, or that the purported conspiracy was motivated by a class-based, invidiously discriminatory animus, as required under Section 1985(3). *See generally* ECF No. 1.

The complaint similarly fails to state plausible claims under the First, Eighth and Fourteenth Amendments. In addition to the impediments to Ms. Moses's First, Eighth and Fourteenth Amendment claims discussed above, the Supreme Court has held that constitutional protections of individual liberties and equal protection generally "do not apply to the actions of private entities." *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991). Here, there are no factual allegations in the complaint to show that the Interfaith Works Defendants engaged in activities that were dominated by the authority of the government. *See generally* ECF No. 1. And so, the constitutional claims against the Interfaith Works Defendants are also not plausible. Fed. R. Civ. P. 12(b)(6).

The remaining claims brought against the Interfaith Works Defendants under HIPAA, the VAWA, the ADA, the FHA and RLUIPA are also not plausible. As discussed above, the complaint fails to state plausible claims under HIPAA and the VAWA, because these statutes do not provide a private right of action. *See Barrett v. Quest Diagnostics*, No. 23-3417, 2025 WL 388658, at *5 (D. Md. Feb. 3, 2025); *see also United States v. Morrison*, 529 U.S. 598, 601-02 (2000). As also discussed above, the complaint fails to state a plausible claim under Title II of the ADA, because there are no factual allegations in the complaint to show that Ms. Moses was denied access to a specific public service or program, because of her disability. ECF No. 1 at 16 (alleging generally that Defendant Interfaith Works acted in partnership with the Department of Health and Human Services and Defendant Housing Unlimited in denying Ms. Moses housing placement and referring her to EveryMind); *see Constantine*, 411 F.3d at 498 (holding that to state a claim under Title II of the ADA, the plaintiff must plead that she "was excluded from participation in or denied the benefits of such service, program, or activity, or otherwise discriminated against, on the basis of her disability").

As also discussed above, the complaint fails to state a plausible FHA claim against the

21

Interfaith Works Defendants, because this pleading does not allege facts to show that Ms. Moses has a qualifying disability, or that the Interfaith Works Defendants denied her housing "because of" her disability. ECF No. 1 at 16; *see also* 42 U.S.C. §§ 3602(h), 3604(f)(1)-(2) and 3617. The complaint also does not allege any facts to show that the Interfaith Works Defendants had any role in the conditions of Ms. Moses's incarceration. ECF No. 1 at 20-21 and 25. Given this, the complaint also fails to state a plausible RLUIPA claim against the Interfaith Works Defendants. *Id.*; *see also* 42 U.S.C. § 2000cc–1(a). And so, the Court GRANTS the Interfaith Works Defendants' motion to dismiss and DISMISSES the claims against these Defendants.

### D. The Court Dismisses The Claims Against Defendant Lisa Martin

Turning to the claims brought against Defendant Lisa Martin in this civil action, the complaint makes clear that Ms. Moses has failed to state a claim against Ms. Martin for several reasons. First, the complaint fails to state a plausible claim under Section 1983 against Ms. Martin, because there are no factual allegations in the complaint to plausibly show that she is a state actor. ECF No. 1 at 8-9; ECF No. 83-1 at 2 (alleging that Defendant Lisa Martin, who was the director of Silver Spring Town Center, asked Ms. Moses for event payment, summoned security, and made a disparaging remark to Ms. Moses during an event); *see also West*, 487 U.S. at 48 (holding that to state a claim under Section 1983, a plaintiff must allege that the alleged violation was committed by a "person acting under the color of state law"). Indeed, as discussed above, any cooperation that Ms. Martin had with the police during this event does not give rise to a state action. *See Menk v. MITRE Corp.*, 713 F. Supp. 3d 113, 169 (D. Md. 2024) (receipt of public funds or cooperation with government does not convert private entity into state actor); *see also Moore*, 560 F.3d at 179 ("The state is deemed responsible for the private entity's action 'if the private party acts (1) in an exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest.'" (citation omitted)).

Second, as also discussed above, the complaint fails to state plausible claims under the ADA against Ms. Martin, because the complaint does not allege that Ms. Moses was denied access to a specific public service or program, because of her disability. ECF No. 1 at 8-9 (alleging that Defendant Lisa Martin asked Ms. Moses for event payment, summoned security, and made a disparaging remark to Ms. Moses at an event at the Silver Spring Town Cener); *see also Constantine*, 411 F.3d at 498 (holding that to state a claim under Title II of the ADA, the plaintiff must plead that she "was excluded from participation in or denied the benefits of such

22

service, program, or activity, or otherwise discriminated against, on the basis of her disability"). Lastly, for the reasons previously stated, Ms. Moses also fails to state a plausible First or Fourteenth Amendment claim against Ms. Martin. And so, the Court GRANTS Defendant Lisa Martin's motion to dismiss and DISMISSES the claims against this Defendant.

### E. The Court Dismisses The Claims Against Defendant Housing Unlimited

As a final matter, Defendant Housing Unlimited also argues with persuasion that the Court should dismiss all claims brought against it in the complaint. In the complaint, Ms. Moses primarily alleges that Housing Unlimited conspired with a Maryland Judicial Officer and law enforcement to evict her from her home on July 23, 2025, and that this conspiracy occurred the day after she was incarcerated in retaliation for her protest activities. ECF No. 1 at 21-22. But, the Section 1983 claim in the complaint based on these allegations is not plausible, because it is undisputed that Defendant Housing Unlimited is a private non-profit organization. ECF No. 64-1 at 1; ECF No. 70 at 2. And so, there are no factual allegations in the complaint to show that this Defendant is a state actor. *See West*, 487 U.S. at 48 (holding that to state a claim under Section 1983, a plaintiff must allege that the alleged violation was committed by a "person acting under the color of state law"); *see also Moore*, 560 F.3d at 179 ("The state is deemed responsible for the private entity's action 'if the private party acts (1) in an exclusively state capacity, (2) for the state's direct benefit, or (3) at the state's specific behest.'" (citation omitted)).

The Housing Unlimited Defendants also convincingly argue that complaint fails to state a plausible Fourteenth Amendment Due Process claim against them, because it is undisputed that Ms. Moses entered into a consent decree with Defendant Housing Unlimited, whereby Defendant Housing Unlimited agreed to stay her eviction until July 5, 2025, and that Ms. Moses was not actually evicted until July 23, 2025. *See* ECF No. 1 at 21; ECF No. 64-1 at 8; ECF No. 64-2.

The complaint similarly fails to state a claim against Defendant Housing Unlimited based upon the allegation that an individual named Tiffany Kelly disclosed Ms. Moses's "private eviction status" in a court filing. The complaint alleges that this disclosure "strongly suggests" that Ms. Kelly coordinated with Defendant Housing Unlimited to access or be given "protected personal and medical information without [Ms. Moses's] consent," in violation of HIPAA and the VAWA. ECF No. 1 at 18-19. But, as discussed above, neither HIPAA, nor the VAWA provide a private right of action. *See Barrett v. Quest Diagnostics*, No. 23-3417, 2025 WL 388658, at *5 (D. Md. Feb. 3, 2025); *see also United States v. Morrison*, 529 U.S. 598, 601-02

(2000).

The other two references to Defendant Housing Unlimited in the complaint also fail to state a claim for relief.  Notably, the complaint briefly references Defendant Housing Unlimited in a singular paragraph alleging that "Christine Hong, in her capacity at DHHS and in partnership with [Housing Unlimited] and Interfaith Works, denied housing placement and improperly referred Plaintiff to EveryMind without professional assessment, housing options, or recourse."  ECF No. 1 at 16.  While the complaint alleges that this denial of housing assistance violates Title II of the ADA, the Rehabilitation Act, the FHA, Section 1983, the VAWA and the Safe at Home Program, this brief reference to Defendant Housing Unlimited is not sufficient to state claims against this Defendant under these laws.  Fed. R. Civ. P. 8(a) or 12(b)(6). The complaint similarly alleges without factual support that Defendant Housing Unlimited "acted in concert [with the other Defendants] to retaliate, deprive Plaintiff of housing, violate her disability rights, suppress her speech, and shield themselves from criticism and accountability, etc.," in violation of Section 1985, Section 1983, the ADA, the VAWA and is malicious prosecution and an abuse of process.  *Id.*  But, as discussed above, such general allegations are not sufficient to state a claim under these laws.  And so, the Court also GRANTS Defendant Housing Unlimited's motion to dismiss and DISMISSES the claims against Defendant Housing Unlimited. [4]

## V.    CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Montgomery County Defendants' motion to dismiss (ECF No. 76);

(2) **GRANTS** the State Defendants' motion to dismiss (ECF No. 77);

(3) **GRANTS** the Interfaith Works Defendants' motion to dismiss (ECF No. 78);

(4) **GRANTS** Defendant Lisa Martin's motion to dismiss (ECF No. 83);

(5) **GRANTS** Defendant Housing Unlimited, Inc.'s motion to dismiss (ECF No. 64);

(6) **DENIES-as-MOOT** the Plaintiff's emergency motion to preserve evidence and rule on pending temporary restraining orders (ECF No. 88);

---

[4] The complaint also names Supriya Pandit, an employee of Interfaith Works, Inc., and the Montgomery County Commissioner's Office, as Defendants in this case.  *See* ECF No. 1.  These Defendants have not moved to dismiss the claims.  Nonetheless, the Court DISMISSES the claims against these Defendants for the same reasons stated above, pursuant to Fed. R. Civ. P. 8(a), 12(b)(1) and (12)(b)(6).

(7) **DENIES-as-MOOT** the Plaintiff's motion for a temporary restraining order (ECF No. 93);

(8) **DENIES-as-MOOT** the Plaintiff's motion to correct (ECF No. 111);

(9) **DENIES-as-MOOT** the Plaintiff's motion for a temporary restraining order (ECF No. 116);

(10) **DENIES-as-MOOT** the Plaintiff's motion for extension of time (ECF No. 117);

(11) **DENIES-as-MOOT** the Plaintiff's motion to appoint counsel (ECF No. 119);

(12) **DENIES-as-MOOT** the Plaintiff's motion for leave to file a motion to clarify and for limited reconsideration (ECF No. 124);

(13) **DENIES-as-MOOT** the Plaintiff's motion for leave to file supplemental medical documentation, for appointment of counsel and stay of deadlines (ECF No. 125); and

(14) **DISMISSES** the complaint.

A separate Order shall issue.


**IT IS SO ORDERED.**


s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge